IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN MEDICAL SYSTEMS, INC. and AMS RESEARCH CORP., ) ) ) Plaintiffs, ) ) v. ) ) CELSION CORPORATION, ) ) Defendant. ) | C.A. No. 06-606 (SLR) |

**CELSION'S REPLY ON ITS MOTION FOR EXTENSION
OF TIME TO RESPOND TO THE COMPLAINT**

AMS' Opposition to Celsion's motion for a 30 day extension of time to answer the Complaint essentially ignores the fact that the parties' principals are in the midst of serious settlement negotiations which are likely to come to fruition within the next 30 days. Indeed, the parties' principals had specifically agreed that they would limit lawyers' fees while they were talking during the next 30 days and Celsion had understood from the agreement of the principals that it would not have to take the step of preparing and filing a response to the Complaint during that time. Given these circumstances, and the lack of any reason to expedite the litigation, it only makes sense that the parties not incur the expense of litigation at this time, whether in filing pleadings, developing a schedule, serving and responding to discovery, or in motion practice.

However, it is now clear, in light of AMS' Opposition, that the parties will not be able to avoid unnecessary lawyers' fees. There is no point in pursuing a contested motion on this issue. Accordingly, Celsion will moot the dispute by responding to the Complaint promptly as AMS requests (p. 3).

As a matter of correcting the record, Celsion responds to AMS' incorrect and misleading recitations and assertions that Celsion's counsel "has appeared to renege on" a prior agreement:

1.    Celsion did not, as AMS represents (p. 1), obtain an extension to answer the Minnesota Complaint; rather it obtained an extension to "move, answer or otherwise respond" to the Complaint (AMS Ex. 1, D.I. 8). Thus, AMS is simply wrong to suggest that Celsion somehow deceived it by successfully moving to dismiss the action in Minnesota for lack of personal jurisdiction.

2.    Contrary to AMS' assertion (p. 2), Celsion did *not* agree that the parties "would commence substantive discovery that would continue regardless of venue." During a telephone conference on September 15, 2006, Celsion did agree to allow AMS to serve document requests in the Minnesota case. However, Celsion's counsel raised potential problems with discovery prior to the resolution of Celsion's motion to dismiss, including the likelihood that AMS would have to refile the litigation in another jurisdiction and abide by any limitations on such discovery in that jurisdiction.

3.    There has been no Rule 26(f) conference, despite AMS' statements to the contrary. Although AMS attempted to raise certain issues during the September 15 conversation normally addressed at a Rule 26(f) conference, Celsion's counsel made it clear that any such discussions were premature in light of Celsion's pending motion to dismiss the Minnesota action. In fact, both parties appeared to agree that the Rule 26(f) conference would have to await the Minnesota District Court's ruling on Celsion's motion to dismiss. Consequently, the conversation between counsel did not address such standard Rule 26(f) issues as scheduling or limitations on discovery.

## CONCLUSION

Given that Celsion will respond to the Complaint promptly, Celsion's motion for an extension of time is moot.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Celsion Corporation*

OF COUNSEL:

Julie A. Petruzzelli
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
202.344.4000

Dated: October 26, 2006
542435

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Anne S. Gaza, Esquire
> RICHARDS, LAYTON & FINGER
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 26, 2006 upon the following individuals in the manner indicated:

| BY E-MAIL | BY E-MAIL |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne S. Gaza, Esquire<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE  19899 | Leland G. Hansen, Esquire<br>MCANDREWS, HELD & MALLOW, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, IL  60661 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

542435