IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN MEDICAL SYSTEMS, INC., and AMS RESEARCH CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CELSION CORPORATION<br><br>Defendant. | C.A. No. 06-606 (SLR) |

## ANSWER AND COUNTERCLAIMS

Defendant Celsion Corporation ("Celsion"), for its Answer and Counterclaims to the Complaint of American Medical Systems, Inc. and AMS Research Corporation (collectively "AMS"), states as follows:

1. Celsion admits that AMS' Complaint purports to state claims under the Patent Laws of the United States.

### THE PARTIES

2. Upon information and belief, Celsion admits the contents of Paragraph 2 of the Complaint.

3. Upon information and belief, Celsion admits the contents of Paragraph 3 of the Complaint.

4. Celsion admits the contents of Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. Celsion admits the contents of Paragraph 5 of the Complaint.

6. Celsion admits the contents of Paragraph 6 of the Complaint.

7. Celsion admits the contents of Paragraph 7 of the Complaint.

## BACKGROUND

8. Celsion admits that United States Patent No. 5,220,927 states on its face that it issued on June 22, 1993. Celsion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same.

9. Celsion is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10. Celsion admits that United States Patent No. 6,216,703 states on its face that it issued on April 17, 2001. Celsion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

11. Celsion is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. Celsion admits that United States Patent No. 7,089,064 states on its face that it issued on August 6, 2006. Celsion further admits that Plaintiff AMS Research Corporation is listed on the cover page as the assignee of that patent. Celsion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13. Celsion is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies the same.

14. Celsion admits that United States Patent No. 7,093,601 states on its face that it issued on August 22, 2006. Celsion further admits that Plaintiff AMS Research Corporation is listed on the cover page as the assignee of that patent. Celsion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15. Celsion is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the same.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,220,927

16. Celsion incorporates by reference Paragraphs 1-15 of this Answer as if fully set forth herein.

17. Celsion denies the allegations in Paragraph 17 of the Complaint.

18. Celsion denies the allegations in Paragraph 18 of the Complaint.

19. Celsion denies the allegations in Paragraph 19 of the Complaint.

20. Celsion denies the allegations in Paragraph 20 of the Complaint.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,216,703

21. Celsion incorporates by reference Paragraphs 1-20 of this Answer as if fully set forth herein.

22. Celsion denies the allegations in Paragraph 22 of the Complaint.

23. Celsion denies the allegations of Paragraph 23 of the Complaint.

24. Celsion denies the allegations of Paragraph 24 of the Complaint.

25. Celsion denies the allegations of Paragraph 25 of the Complaint.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,089,064

26. Celsion incorporates by reference Paragraphs 1-25 of this Answer as if fully set forth herein.

27. Celsion denies the allegations in Paragraph 27 of the Complaint.

28. Celsion denies the allegations of Paragraph 28 of the Complaint.

29. Celsion denies the allegations of Paragraph 29 of the Complaint.

30. Celsion denies the allegations of Paragraph 30 of the Complaint.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,093,601

31. Celsion incorporates by reference Paragraphs 1-30 of this Answer as if fully set forth herein.

32. Celsion denies the allegations in Paragraph 32 of the Complaint.

33. Celsion denies the allegations of Paragraph 33 of the Complaint.

34. Celsion denies the allegations of Paragraph 34 of the Complaint.

35. Celsion denies the allegations of Paragraph 35 of the Complaint.

36. Celsion denies that AMS is entitled to any of the relief requested in their Prayer for Relief, and further denies each and every allegation in the Complaint not expressly admitted or controverted above.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Celsion has not infringed U.S. Patent Nos. 5,220,927; 6,216,703; 7,089,064; and 7,093,601, nor has it contributed to or induced their infringement. The Complaint, therefore, fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Claims of U.S. Patent Nos. 5,220,927; 6,216,703; 7,089,064; and 7,093,601 are invalid and void for failure to comply with the conditions for patentability as set forth in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE

AMS' claims are barred by the doctrines of waiver, acquiescence, and/or estoppel.

### FOURTH ADDITIONAL DEFENSE

AMS' claims as to the infringement of U.S. Patent Nos. 5,220,927 and/or 6,216,703 are barred by the doctrine of laches.

### FIFTH ADDITIONAL DEFENSE

The Complaint and the causes of action therein fail to state facts sufficient to recover attorneys' fees against Celsion; provided, however, if and to the extent a basis for a claim for attorneys' fees exists, Celsion alleges that it is entitled to recover from AMS all attorneys' fees incurred in the defense of this action.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff American Medical Systems, Inc.'s claims are barred because Plaintiff American Medical Systems, Inc. lacks standing to bring the claims.

**SEVENTH ADDITIONAL DEFENSE**

Celsion reserves the right to plead such further additional defenses as may appear in the future.

## COUNTERCLAIMS

Counterclaimant Celsion Corporation ("Celsion"), for its Counterclaims against Counterclaim-Defendants American Medical Systems, Inc. and AMS Research Corporation (collectively, "AMS"), alleges as follows:

### THE PARTIES

1. Plaintiff Celsion is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10220-L Old Columbia Road, Columbia, Maryland 21046.

2. On information and belief, Defendant American Medical Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware. It has a principal place of business at 10700 Bren Road West, Minnetonka, Minnesota 55343.

3. On information and belief, Defendant AMS Research Corporation is a corporation organized and existing under the laws of the State of Delaware. It has a principal place of business at 10700 Bren Road West, Minnetonka, Minnesota 55343.

**JURISDICTION AND VENUE**

4.      These claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Jurisdiction and venue are proper in this judicial district pursuant to Title 35 of the United States Code and 28 U.S.C. §§ 1331, 1338(a), 1391(b) and (c), 1400(b), 2201 and 2202.

6.      This Court has personal jurisdiction over AMS, based upon, among other things, its filing of this civil action in this District.

**BACKGROUND**

7.      On information and belief, U.S. Patent No. 5,220,927 ("the '927 patent"), titled "Urethral Inserted Applicator for Prostate Hypothermia", was issued by the United States Patent & Trademark Office on June 22, 1993, to named inventors Melvin A. Astrahan and Paul F. Turner. A copy of the '927 patent is attached as Exhibit A to AMS' Complaint.

8.      AMS alleged in its Complaint that the '927 patent was assigned to AMS, and that AMS is currently the owner of all right, title, and interest in the '927 patent. On information and belief, the '927 patent is assigned to AMS Research Corporation.

9.      On information and belief, U.S. Patent No. 6,216,703 ("the '703 patent"), titled "Therapeutic Prostatic Thermotherapy", was issued by the United States Patent & Trademark Office on April 17, 2001, to named inventors Charles F. Manker, Aaron P. Perlmutter, Theron N. Schaefermeyer, Dixie T. Sells, and Paul F. Turner. A copy of the '703 patent is attached as Exhibit B to AMS' Complaint.

10. AMS alleged in its Complaint that the '703 patent was assigned to AMS, and that AMS is currently the owner of all right, title, and interest in the '703 patent. On information and belief, the '703 patent is assigned to AMS Research Corporation.

11. On information and belief, U.S. Patent No. 7,089,064 ("the '064 patent"), titled "Therapeutic Prostatic Thermotherapy", was issued by the United States Patent & Trademark Office on August 8, 2006, to named inventors Charles F. Manker, Aaron P. Perlmutter, Theron N. Schaefermeyer, Dixie T. Sells, and Paul F. Turner. A copy of the '064 patent is attached as Exhibit C to AMS' Complaint.

12. On information and belief, the '064 patent was assigned to AMS, and AMS has alleged in its Complaint that it is currently the owner of all right, title, and interest in the '064 patent. On information and belief, the '064 patent is assigned to AMS Research Corporation.

13. On information and belief, U.S. Patent No. 7,093,601 ("the '601 patent"), titled "Therapeutic Prostatic Thermotherapy", was issued by the United States Patent & Trademark Office on August 22, 2006, to named inventors Charles F. Manker, Aaron P. Perlmutter, Theron N. Schaefermeyer, Dixie T. Sells, and Paul F. Turner. A copy of the '601 patent is attached as Exhibit D to AMS' Complaint.

14. On information and belief, the '601 patent was assigned to AMS, and AMS has alleged in its Complaint that AMS is currently the owner of all right, title, and interest in the '601 patent. On information and belief, the '601 patent is assigned to AMS Research Corporation.

15. On or about September 28, 2006, AMS filed a Complaint in this Court initiating the above-captioned civil action, and alleging that Celsion has infringed and

continues to infringe the '927, '703, '064, and '601 patents (collectively the "patents-in-suit").

16. As set forth in the foregoing Answer, Celsion denies that it has directly or indirectly infringed any valid and enforceable claim of the patents-in-suit and further alleges that the patents-in-suit are invalid.

17. Based upon the foregoing, as well as AMS' allegations that Celsion has infringed the patents-in-suit, an immediate and justiciable controversy exists between AMS and Celsion as to the noninfringement and invalidity of the patents-in-suit.

## FIRST COUNTERCLAIM
### (Declaration of Invalidity of the Patents-in-Suit)

18. Celsion realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

19. There is an actual, substantial, and continuing justiciable controversy between Celsion and AMS regarding the invalidity of claims of the patents-in-suit.

20. Claims of the patents-in-suit are invalid for failure to comply with Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

21. Celsion seeks, and is entitled to, a declaration that the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM
### (Declaration of Noninfringement of the Patents-in-Suit)

22. Celsion realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 21.

23. There is an actual, substantial, and continuing justiciable controversy between Celsion and AMS regarding the alleged infringement of the patents-in-suit.

24. Celsion does not infringe the patents-in-suit.

25. Celsion seeks, and is entitled to, a declaration that it does not infringe any valid and enforceable claim of the patents-in-suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Celsion requests that this Court enter a Judgment and Order:

A. Dismissing the Complaint with prejudice and denying each request for relief made by AMS;

B. Declaring that Celsion does not infringe, directly or indirectly, any valid claim of United States Patents Nos. 5,220,927; 6,216,703; 7,089,064; and 7,093,601;

C. Declaring United States Patents Nos. 5,220,927; 6,216,703; 7,089,064; and 7,093,601 invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

D. Preliminarily and permanently enjoining AMS, its officers, agents, servants, employees, attorneys, and any person in active concert or participation with AMS, from asserting or otherwise seeking to enforce the patents-in-suit against Celsion or anyone making, using, selling, offering for sale, or importing products manufactured and/or sold by Celsion including, but not limited to, the products accused of infringement in AMS' Complaint;

E. Declaring this suit exceptional under 35 U.S.C. § 285 due to AMS' conduct, and awarding Celsion its reasonable attorneys' fees and costs of this action; and

F.  Awarding Celsion such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant/Counterclaimant Celsion Corporation*

OF COUNSEL:

Julie A. Petruzzelli
Peter J. Curtin
Michelle M. Marcus
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
202.344.4000

Dated: November 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Anne S. Gaza, Esquire
> RICHARDS, LAYTON & FINGER
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 16, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND**

Frederick L. Cottrell, III, Esquire
Anne S. Gaza, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE  19899

**BY E-MAIL**

Leland G. Hansen, Esquire
MCANDREWS, HELD & MALLOW, LTD.
500 West Madison Street, 34th Floor
Chicago, IL  60661

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)